IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PROGRESSIVE COUNTY MUTUAL
INSURANCE COMPANY, as Subrogee of
Malcolm Huston                                                              PLAINTIFF

v.                                                         CAUSE NO. 1:18CV321-LG-RHW

THE GOODYEAR TIRE & RUBBER COMPANY                           DEFENDANT

## ORDER DENYING PLAINTIFF'S MOTIONS FOR STAY AND JURISDICTIONAL DISCOVERY

BEFORE THE COURT are the [19] Motion for Discovery and [21] Motion for Stay of Proceedings filed by Plaintiff Progressive County Mutual Insurance Company in this products liability case. Defendant The Goodyear Tire & Rubber Company has filed responses to Progressive's Motions, and Progressive has informed the Court that it will not file replies. Accordingly, the Motions are fully briefed. The Court finds that jurisdictional discovery is not warranted. Progressive's Motion will be denied, and it will be granted a period of time to file a response to Goodyear's pending dismissal motion.

BACKGROUND

Progressive alleges that a tire manufactured by Goodyear and affixed to an insured's recreational vehicle failed while the vehicle was being driven on Interstate 59 near Lumberton, Mississippi. The tire failure caused the vehicle to leave the highway and hit a tree. Progressive – a Texas corporation – seeks recovery from Goodyear – an Ohio corporation – of $226,462.58 in policy benefits it paid to its insured. The Complaint alleges products liability claims of manufacturing defect,

failure to warn, design defect, breach of express and implied warranties, and negligence.

Goodyear seeks dismissal of the claims pursuant to Fed. R. Civ. P. 12(b)(2) in a pending motion, contending that this Court cannot exercise personal jurisdiction over it. Goodyear acknowledges that it does business in Mississippi, but Ohio is where it is "at home" because it is incorporated and has its principle place of business there. Goodyear argues that the tire failure at issue has no connection with the business it conducts in Mississippi, because the tire was not designed, manufactured, purchased, or attached to the vehicle in Mississippi. Progressive has not filed a response to the Motion to Dismiss, contending that a stay for jurisdictional discovery is necessary before it can respond.

## DISCUSSION

When a party seeks jurisdictional discovery, he must first make "a preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). This showing requires "factual allegations that suggest with reasonable particularity the possible existence of the requisite" facts. *Id.* (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)). When the factual bases for jurisdiction are actually disputed, "the court may receive interrogatories, depositions, or 'any combination of the recognized methods of discovery' to help it resolve the jurisdictional issue." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (quoting *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). The parties opposing

dismissal and seeking discovery "bear the burden of demonstrating the necessity of discovery." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014) (quoting *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013)). "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted. Discovery need not be afforded where the discovery sought could not have added any significant facts." *Hazim v. Schiel & Denver Book Publishers*, 647 F. App'x 455, 460 (5th Cir. 2016) (citations and quotation marks omitted). Accordingly, the Court looks to Progressive's preliminary showing of jurisdiction.

Progressive does not explicitly say so, but its request for discovery appears focused on an attempt to show this Court's specific jurisdiction over Goodyear.[1] The specific jurisdictional inquiry focuses on whether the defendant has sufficient minimum contacts with the forum and whether the plaintiff's cause of action arises out of or relates to those forum-related contacts. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). In the case of specific jurisdiction, due process requires (1) minimum contacts by the defendant purposefully directed at the forum state, (2) a nexus

---

[1] If Progressive is attempting to establish general jurisdiction over Goodyear, that avenue is foreclosed by the facts of this case. "It is . . . incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton*, 768 F.3d at 432. There is no question that Goodyear is neither incorporated nor has its principal place of business in Mississippi. The contacts Progressive identifies demonstrate that Goodyear is at most "doing business" in Mississippi, and those contacts do not reveal activities of the extraordinary quality necessary to render Goodyear "at home" in Mississippi. *See Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014) ("Plaintiffs would have us . . . approve the exercise of general jurisdiction in every [state] in which a corporation 'engages in a substantial, continuous, and systematic course of business.' That formulation, we hold, is unacceptably grasping.")

between the defendant's contacts and the plaintiff's claims, and (3) that the exercise of jurisdiction be fair and reasonable. *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012).

Progressive submitted the following facts and evidence to establish Goodyear's minimum contacts with Mississippi, including: (1) Goodyear is authorized to do business in the State of Mississippi and has a registered agent for service in Mississippi; (2) Goodyear operates auto service centers in at least seven cities across Mississippi and is licensed to do so in four of the cities; (3) Goodyear's products and services are sold to Mississippi residents at its auto service centers and in other locations; (4) the tire at issue in this case is available for purchase in Mississippi; (5) Goodyear has real estate interests and likely many employees in Mississippi; and (6) through Goodyear's website, Mississippi residents can find information about Goodyear products and schedule services at local service centers.

> Progressive wishes to discover more facts of this type. Specifically,
>
> ownership or leasing of real estate in Mississippi, ownership and/or operation of service centers in Mississippi, marketing and advertising practices in Mississippi, sale and distribution of the tire model at issue in this case, sale and distribution of other products in Mississippi, employment in Mississippi, employment outside of Mississippi with specific job duties in or focused in Mississippi, sales staff in and/or directed at Mississippi, sales of Entegra Coach RVs equipped with Goodyear tires in Mississippi, other vehicles sold in Mississippi installed with new Goodyear tires, and business licenses in Mississippi.

(Pl. Mem. in Support Mot. Jurisdictional Discovery 5, ECF No. 20.) The facts Progressive has set out above, and those it seeks to discover, make it clear that

Goodyear has deliberately targeted the State of Mississippi and purposefully availed itself of the privilege of conducting business activities within the State of Mississippi wholly outside of Goodyear's relationship with Progressive's insured. The "minimum contacts" prong of the specific jurisdiction analysis is thus satisfied.

Nevertheless, Progressive's facts, and those it seeks to discover, do not address the second prong of the specific jurisdiction analysis, which requires "a nexus between the defendant's contacts and the plaintiff's claims." *ITL Int'l, Inc.*, 669 F.3d at 498. The "nexus" requisite for specific jurisdiction is established when the plaintiff's cause of action "arises out of" or is "related to" the defendant's forum contacts. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 221 (5th Cir. 2012).

Goodyear has provided evidence that the tire was neither designed nor manufactured in Mississippi, (Mot. to Dism. Ex. C, ECF No. 16-3), and the recreational vehicle was purchased, registered, and titled in Texas. (*Id.*, Ex. B.) None of the discovery proposed by Progressive, or the facts alleged so far, demonstrate a meaningful connection between Progressive's injury and Goodyear's Mississippi contacts. The mere fact that Progressive's injury occurred in Mississippi does not, by itself, create specific jurisdiction over Goodyear in Mississippi. *See Irvin v. So. Snow Mfg., Inc.*, 517 F. App'x 229, 232 (5th Cir. 2013) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 273 (5th Cir. 2006)). That Goodyear sells this same type of tire in Mississippi, without more, is insufficient to find that Progressive's claims "relate to" such sales. Progressive does

not allege that its insured purchased the recreational vehicle (with attached Goodyear tires) in Mississippi, and there is no evidence that Progressive's injuries otherwise arose out of the sale of Goodyear tires in Mississippi. The only connection between Mississippi and this Goodyear tire is that Progressive's insured drove a vehicle with the tire attached into Mississippi and suffered injuries in an accident there. This unilateral activity, alone, cannot support a finding that specific jurisdiction is proper over a foreign defendant. *See, e.g., Walden*, 571 U.S. at 284 (quoting *Hall*, 466 U.S. at 417).

CONCLUSION

Progressive has failed to make a preliminary showing of personal jurisdiction, and the proposed discovery would not add significant facts to the jurisdictional analysis. Accordingly, jurisdictional discovery is not warranted in this case. Progressive's Motions for a stay and for jurisdictional discovery will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [19] Motion for Discovery and [21] Motion for Stay of Proceedings filed by Plaintiff Progressive County Mutual Insurance Company are **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Progressive's response to Goodyear's [16] Motion to Dismiss is due by **March 4, 2019.**

**SO ORDERED AND ADJUDGED** this the 21st day of February, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE